OJEDA ET AL., PLAINTIFFS AND APPELLANTS, *v.* FERNÁNDEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action for Damages.

No. 2913.—Decided February 7, 1924.

LEASE—SUBLEASE—OBLIGATIONS OF LESSOR.—The lessees of the ground floor of a building belonging to the defendants subleased a portion of the premises so occupied to the plaintiffs, the upper story being occupied by other tenants. The lease gave the lessees the privilege of subletting "under their exclusive responsibility." Construing this clause in the light of these and other facts, it was *held*: That whatever else that clause may mean, it can not be concluded that the parties intended thereby to relieve the owners of their obligation as lessors to keep the roof of the building in repair.

ID.—DAMAGES—CONTRACT—ASSIGNMENT.—The right to damages for a breach of contract is assignable, and a contract right which is too personal for assignment may on its breach give rise to an assignable action for damages.

ID.—ID.—ID.—ID.—CONSIDERATION.—The sublessees suffered damages by the leaking of water through the roof of the building. The sublessors acknowledged their responsibility to the sublessees and in consideration of a full release from such liability, assigned to them whatever right of action they, as lessees of the ground floor, had, or might have, against the owners of the building. *Held:* That there was a consideration for the assignment.

The facts are stated in the opinion.

*Messrs. P. G. Quiñones* and *L. Toro Cabañas* for the plaintiff-appellants.

*Mr. Juan de Guzmán Benítez* for the defendant-appellants.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

J. Laza & Company, lessees of the ground floor of a building owned by defendants herein, subleased a portion of the premises so occupied to Andrés and José Ojeda. The upper story was in possession of other tenants. The owners of the building resided in Spain and their attorney in fact in charge of the building was absent at the time of the event that gave rise to the present controversy.

When water began to drip from the ceiling of the room occupied by Ojeda Brothers, they promptly notified Laza & Company and an investigation disclosed a leak in the roof of the building. Thereupon a representative of Laza & Company, accompanied by one of the Ojeda Brothers, went to the place of business of the attorney in fact and was told that the agent was in Santo Domingo and had delegated no authority to anyone to act in his name and stead. The business associates of the attorney in fact, however, were fully informed as to the urgent character of the situation and nothing whatever was done to prevent the threatened injury.

This incident occurred on Thursday or Friday. The premises occupied by Ojeda Brothers were closed as usual from Saturday at noon until Monday morning, and upon

opening the doors on Monday the contents were found to have been drenched and damaged by water.

J. Laza & Company then acknowledged their responsibility to Ojeda Brothers and, in consideration of a full release from such liability, assigned to Ojeda Brothers whatever right of action they, as lessees of the ground floor, had, or might have, against the owners of the building.

The present suit for damages followed and both parties appeal from a judgment for plaintiffs.

The only error assigned by plaintiffs is in substance that the amount of damages awarded is inadequate; and it will suffice to say that we find no such abuse of discretion in the weighing of the evidence in that regard as to require a reversal.

The brief of defendants contains no separate assignment of error, but in the course of argument it is suggested that the court below erred, first, in not filing findings of fact and conclusions of laws; second, in overruling the demurrer for want of facts sufficient to constitute a cause of action; third, in admitting documentary evidence of the compromise and assignment by and between Laza & Company and plaintiffs; fourth, in not finding that defendants had fulfilled their obligations under their contract with Laza that if the property of plaintiffs had been damaged by water, such damage was due to their own negligence, and that the damages claimed had not been proved.

The proposition submitted in the first assignment does not demand serious consideration, for the reason that no question in this regard seems to have been raised in the court below and the effect of such omission is not discussed in the brief. *Nones* v. *Serrallés, ante,* page 676.

With reference to the second assignment, it would suffice to say that the argument goes to the sufficiency of the evidence rather than to that of the complaint. But the Ojeda Brothers and J. Laza & Company were both tenants

of the owners, defendants herein, before the execution of the lease which gave Laza & Company control of the entire ground floor, with the privilege of subletting "under their exclusive responsibility;" and, whatever else the clause just quoted may mean, we are constrained to hold that it was not the intention of the parties thereby to relieve the owners of their obligation as lessors to keep the roof of the building in repair.

The theory of the third assignment is that the contract of assignment was invalid for want of a sufficient "cause" and for the reason that it shows upon its face a conspiracy between the parties thereto; that Laza had no existing right as against the owners, and that Ojeda received nothing in return for the release executed by him.

The contention that the document, without more, established the existence of a conspiracy is clearly without merit.

Certain other aspects of the question here sought to be raised are, perhaps, not wholly free from doubt; but the brief cites no authority directly in point and contains no very persuasive argument in support of the proposition submitted. This court, as we have repeatedly announced, can not undertake the independent investigation of more or less doubtful questions so presented.

Obviously the chose in action involved herein was not a "litigated credit" within the meaning of the second paragraph of section 1438 of the Civil Code. Escriche, Vol. 3, p. 84; *Enciclopedia Jurídica Española*, Vol. 9, p. 753. But it does not follow that a right of action is not assignable prior to the filing of a suit and the joining of issue therein.

Sections 1068 and 1079 of the Civil Code read as follows:

"Section 1068. Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby."

"Section 1079. All the rights acquired by virtue of an obligation are transmissible, subject to law, should there be no stipulation to the contrary."

These sections seem to be very much in line with the following statement from 1 Williston on Contracts, section 413, p. 767, quoted by counsel for plaintiffs:

"The right to damages for a breach of contract is also assignable, and a contract right which was too personal for assignment may on its breach give rise to an assignable action for damages."

See also 2 R. C. L., p. 595, section 3.

We do not deem it necessary to follow counsel for plaintiffs in an interesting discussion of the various distinctions that may be drawn between the "consideration" of Anglo-American jurisprudence and the "cause" of the civil law.

Here the breach of the obligation to keep the premises in repair was the gist of the two causes of action that arose immediately upon the event, and the amount of damage resulting in either case was the measure, not the basis, of liability. Upon the Monday morning following the failure to repair the roof both causes of action had already accrued. The obligation on the part of the owners with reference to Laza & Company, as well as that of Laza & Company with reference to plaintiffs, had been violated. The damage had been done and Laza as well as Ojeda Brothers was entitled to compensation.

If Laza & Company had filed suit at once they would have been entitled at least to nominal damages for the invasion of their rights under their contract. They had already been exposed, without any fault of their own, to an existing and unquestionable liability, under their contract with Ojeda Brothers, for the damages suffered by them.

Of course, Laza & Company might have awaited the filing of suit by Ojeda Brothers and then called upon the owners to defend the same or to advise in the matter of

settlement; and in the event of failure on the part of the owners to defend, or to participate in such settlement, then unquestionably Laza & Company would have had an action over against the owners for the amount of any judgment obtained against them, or any sum paid in a reasonable compromise. But they were not obliged to adopt this course, which, in any event, might have involved a possible question or risk with reference to the matter of reimbursement for costs and attorney's fees.

Again, perhaps they might have filed suit at once against the owners and asked that the assessment of damages therein be held in abeyance pending the final determination of any action brought against them by Ojeda Brothers. But it does not follow that this was their only alternative.

What the result might have been if Laza & Company, without notice to the owners, had defended and lost a suit resulting in a judgment for excessive damages, with costs and attorney's fees, or if they had paid a large and exorbitant sum by way of compromise and settlement, is a matter that we need not discuss, for they did neither of these things.

If Laza & Company had, and obviously they did have, the right through an agreement of compromise and settlement to avoid the trouble, annoyance and expense of defending the action threatened by Ojeda Brothers, we fail to perceive any sound reason why they should not be permitted to assign such cause of action as they then had against the owners, as a consideration for a release from all liability under their contract with Ojeda Brothers. In any event, the judgment appealed from is presumed to be correct and the burden is upon appellant always to establish his claim as to the existence of any error.

The fourth assignment goes to the sufficiency of the evidence and, while there is some room for argument in this regard, we do not feel justified in disturbing the conclusion reached by the trial judge.

The judgment of the court below must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.